UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ANTHONY ROSE,
    a/k/a "Todd Chambers,"
JELANI WRAY,
    a/k/a "Lani"
    a/k/a "J.R.,"
NATHANIEL COLES,
    a/k/a "Nat,"
TARA ROSE,
    a/k/a "Christine Waters,"
    a/k/a "Christine Hinds,"
    a/k/a "Taylor Hinds,"
ANTHONY ROSE, Jr.,
    a/k/a "Sean Wells,"
CHRISTINA GARCIA,
    a/k/a "Cindy,"
LUIS VILELLA,
    a/k/a "Angel Martinez,"
LEON BLUE,
    a/k/a "Boochie,"
CLARENCE FACEY,
    a/k/a "Face,"
ANA RIVERA,
    a/k/a "Melissa Ramos,"
DEJAHNEA BROWN,
    a/k/a "Michelle Williams,"
TONYA THOMAS,
    a/k/a "Karen Schwartz,"
ANGELA MELECIO,
    a/k/a "Angie,"
    a/k/a "P5,"
STEPHANIE PASCAL,
    a/k/a "Steph,"
    a/k/a "P2,"
MAKEBA SIMMONS,
EDWARD ABAYEV,
    a/k/a "Eddie,"
GRACIELA BORRERO,
    a/k/a "Grace,"
    a/k/a "P8,"
REID BARRINGTON,
    a/k/a "P9,"
TONJA LEWIS,
    a/k/a "J1,"
RAYMOND PARKER,

**Protective Order**

**19 Cr. 789 (PGG)**

>     a/k/a "Andre"
>     a/k/a "J2,"
> BERLISA BRYAN,
>     a/k/a "Lisa,"
> ANGELA MYERS,
>     a/k/a "Angie,"
> LATIFAH ABDUL-KHALIQ,
> SHAKEEMA FOSTER,
> KOURTNEI WILLIAMS,
> MAKKAH SHABAZZ, a/k/a "Mecca,"
> and YANIRIS DELEON, a/k/a "Jen,"
>
>                              *Defendants.*

Upon the application of the United States of America, upon consent of the defendants, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

4. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

(c) The Coordinating Discovery Attorney appointed in this case, and her employees and any vendors she may engage in the course of her duties.

6. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

## Disclosure and Protection of Seized ESI

8. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from cell phones, devices, storage media, and providers of electronic communications services and remote computing services (including Facebook, Apple iCloud, and Instagram).

9. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

10. In the event that an individual defendant's electronic device(s) contain both seized ESI disclosure material and other, non-relevant, personal or confidential information that the individual defendant does not want shared with his or her co-defendants, the individual defendant shall notify the Government in writing, and the Government and the individual defendant will agree upon a discovery plan for the device at issue, which will allow for the production of seized ESI disclosure material to all relevant parties, but will protect the privacy of the individual defendant with respect to his or her non-relevant, personal or confidential information. Such actions may include, but not be limited to, the production of the contents of the device at issue to the individual defendant only,

provided that such production does not result in withholding information from the other co-defendants that is subject to the Government's disclosure obligations.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Return or Destruction of Material**

12. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

13. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

### Retention of Jurisdiction

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: New York, New York
December 19, 2019

_____
THE HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE